Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Leticia Maddox

# UNITED STATES DISTRICT COURT OF CALIFORNIA
# CENTRAL DISTRICT

| | |
|---|---|
| Leticia Maddox<br><br>Plaintiff,<br>v.<br><br>Patterson Recovery and AlaskaUSA Federal Credit Union,<br><br>Defendants. | **Case No: ________________**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

HYDE & SWIGART
Consumer Protection Attorneys

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Leticia Maddox, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Patterson Recovery ("Patterson") and AlaskaUSA Federal Credit Union, ("AlaskaUSA" or collectively as "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## Jurisdiction and Venue

8. Jurisdiction of this Court arises pursuant to general state jurisdiction.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff resides in Los Angeles County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendants tried to collect the alleged debt owed, Plaintiff was physically located in the City of Los Angeles, County of Los Angeles, State of California.

12. Because Plaintiff resides in Los Angeles, County of Los Angeles at the time Defendants tried to collect on the alleged debt owed, Plaintiff still resides in Los Angeles, County of Los Angeles, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of California.

## Parties

14. Plaintiff is a natural person and resident of the State of California.

15. Defendant AlaskaUSA is located in the State of Alaska.

HYDE & SWIGART
Consumer Protection Attorneys

16. Defendant Patterson Recovery is located in Rancho Cucamonga, County of San Bernardino.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

22. Sometime before December 24, 2013, Plaintiff is alleged to have incurred certain financial obligations to AlaskaUSA for an auto loan.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

HYDE & SWIGART
Consumer Protection Attorneys

24. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

25. Sometime thereafter, but before December 24, 2013, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

26. On or about December 24, 2014, between the hours of 12:00 am and 9:40 am, Defendant Patterson Recovery forcibly entered Ms. Maddox's property by cutting a lock and chain to gain entry to Plaintiff's automobile.

27. This action by Defendant was a "communication" as that term is defined by 15 U.S.C. §1692a(2), an attempt to enforce a security interest, as that term is addressed in 15 U.S.C. §1692a(6), and a threat to take non-judicial action to effect dispossession or disablement of property as provided under 15 U.S.C. §1692f(6).

28. Because these actions by Defendant constituted a breach of the peace, Defendant relinquished any present right to possess the property that Defendant sought to possess. As such, Defendant violated 15 U.S.C. §1692f(6).

29. Plaintiff was the possessor and had a right to possess Plaintiff's automobile, and Defendant actually interfered with Plaintiff's possession and right to possession of this property. Defendant's interference was knowing or intentional. As a result, Defendant converted Plaintiff's property.

30. Defendant dispossessed Plaintiff of Plaintiff's automobile or intermeddled with Plaintiff's automobile while it was in Plaintiff's possession. As such, Defendant trespassed upon Plaintiff's chattel.

HYDE & SWIGART
Consumer Protection Attorneys

31. As a result of Defendant's acts and omissions, Plaintiff has been forced to be absent from his employment due to lack of transportation, and was denied his earnings for the period Plaintiff was unable to attend his employment.

32. Also, Plaintiff has incurred the financial burden of renting an automobile.

33. Defendant's irresponsible, malicious, and reprehensible conduct caused Plaintiff great stress, embarrassment, anxiety, fear, sleeplessness, and apprehension. This conduct was extreme and outrageous and exceeds the bounds of human decency.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

36. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

39. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

## CONVERSION

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions by Defendant constitute an interference with Plaintiff's possession and right to possession of Plaintiff's automobile. Defendant acted knowingly or intentionally when interfering with Plaintiff's possessory right.

42. As a result of Defendant's conduct, Plaintiff is entitled to general and special damages.

## COUNT IV

## TRESPASS TO CHATTELS

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. In the alternative to COUNT III, Defendant dispossessed Plaintiff of Plaintiff's chattel or used or intermeddled with a chattel in the possession of Plaintiff.

45. As a result of Defendant's conduct, Plaintiff is entitled to general and special damages.



HYDE & SWIGART Consumer Protection Attorneys

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### **FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

### **CONVERSION**

- an award of general damages in an amount to be adduced at trial, from Defendant;
- an award of special damages in an amount to be adduced at trial, from Defendant;
- an award of punitive damages, in an amount to be adduced at trial, from Defendant;
- any other relief this court deems just and proper.

### **TRESPASS TO CHATTELS**

- an award of general damages in an amount to be adduced at trial, by Defendant;

HYDE & SWIGART
Consumer Protection Attorneys

- an award of special damages in an amount to be adduced at trial, by Defendant;
- an award of punitive damages, in an amount to be adduced at trial, from Defendant;
- any other relief this court deems just and proper.

Respectfully submitted,

**Hyde & Swigart**

Date: December 23, 2014

By: s/Joshua B. Swigart
Joshua B. Swigart
Attorneys for Plaintiff

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**Hyde & Swigart**

Date: December 23, 2014

By: s/Joshua B. Swigart
Joshua B. Swigart
Attorneys for Plaintiff