GREEN & HALL, A Professional Corporation
JOHN T. GRIFFIN, State Bar No. 149713
*jgriffin@greenhall.com*
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for AUTO CARE SYSTEMS, dba SCOTT PATTERSON RECOVERY

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LETICIA MADDOX,<br><br>Plaintiff,<br><br>vs.<br><br>PATTERSON RECOVERY; and ALASKAUSA FEDERAL CREDIT UNION,<br><br>Defendants. | CASE NO. 5:14-cv-02616-CAS-DTB<br><br>**DEFENDANT AUTO CARE SYSTEMS, dba SCOTT PATTERSON RECOVERY'S ANSWER TO VERIFIED COMPLAINT AND CROSS-CLAIM FOR INDEMNITY** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant AUTO CARE SYSTEMS, dba SCOTT PATTERSON RECOVERY ("Patterson Recovery") answers the Complaint (the "Complaint") of Plaintiff LETICIA MADDOX ("Plaintiff").

**ANSWER TO COMPLAINT**

1. Plaintiff cites to the Fair Debt Collections Practices Act, 15 U.S.C. Sec. 1692, *et seq.* in Paragraph 1 of her Complaint. No allegations are made against Patterson Recovery in this Paragraph and therefore no response is required.

2. Plaintiff refers to the California legislature's intent behind legislation concerning unfair debt collection practices in Paragraph 2 of her Complaint. No

allegations are made against Patterson Recovery in this Paragraph and therefore no response is required.

3. Answering Paragraph 3, Patterson Recovery admits that Plaintiff is bringing this action pursuant to the previously-referenced authorities, but denies Plaintiff has a basis for any action against Patterson Recovery under these authorities. Patterson Recovery further denies its actions were "unlawful" or "abusive.". Except as expressly admitted herein, Patterson Recovery denies each and every allegation contained therein.

4. Answering Paragraph 4, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

5. Answering Paragraph 5, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

6. Answering Paragraph 6, Patterson Recovery admits the allegations contained therein.

7. Answering Paragraph 7, Patterson Recovery denies each and every allegation contained therein.

8. Answering Paragraph 8, Patterson Recovery denies the allegation on the basis that "general state jurisdiction" does not alone establish this Court's jurisdiction.

9. Answering Paragraph 9, Patterson Recovery denies that it violated the Fair Debt Collection Practices Act ("FDCPA") or the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act").

10. Answering Paragraph 10, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

11. Answering Paragraph 11, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

12. Answering Paragraph 12, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

13. Answering Paragraph 13, Patterson Recovery admits the allegations contained therein.

14. Answering Paragraph 14, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

15. Answering Paragraph 15, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

16. Answering Paragraph 16, Patterson Recovery admits the allegations contained therein.

17. Answering Paragraph 17, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

18. Answering Paragraph 18, Patterson Recovery denies each and every allegation contained therein.

19. Answering Paragraph 19, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

20. Answering Paragraph 20, Patterson Recovery denies each and every allegation contained therein.



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

21. Answering Paragraph 21, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

22. Answering Paragraph 22, Patterson Recovery admits the allegations contained therein.

23. Answering Paragraph 23, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

24. Answering Paragraph 24, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

25. Answering Paragraph 25, Patterson Recovery admits that Plaintiff is alleged to have fallen behind on the payments owed on the debt, but denies the remaining allegations of Paragraph 25.

26. Answering Paragraph 26, Patterson Recovery denies each and every allegation contained therein.

27. Answering Paragraph 27, Patterson Recovery denies each and every allegation contained therein.

28. Answering Paragraph 28, Patterson Recovery denies each and every allegation contained therein.

29. Answering Paragraph 29, Patterson Recovery denies each and every allegation contained therein.

30. Answering Paragraph 30, Patterson Recovery denies each and every allegation contained therein.

31. Answering Paragraph 31, Patterson Recovery denies each and every allegation contained therein.



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

32. Answering Paragraph 32, Patterson Recovery lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

33. Paragraph 33 fails to specifically identify the Patterson Recovery to which the allegations refer. As to this answering Defendant, each and every allegation is denied.

34. Answering Paragraph 34, Patterson Recovery incorporates by this reference its response to Paragraphs 1 through 33, inclusive.

35. Answering Paragraph 35, Patterson Recovery denies each and every allegation contained therein.

36. Answering Paragraph 36, Patterson Recovery denies that Plaintiff is entitled to any actual damages, statutory damages, or attorneys' fees and costs.

37. Answering Paragraph 37, Patterson Recovery incorporates by this reference its response to Paragraphs 1 through 36, inclusive.

38. Answering Paragraph 38, Patterson Recovery denies each and every allegation contained therein.

39. Answering Paragraph 39, Patterson Recovery denies that Plaintiff is entitled to any actual damages, statutory damages, or attorneys' fees and costs.

40. Answering Paragraph 40, Patterson Recovery incorporates by this reference its response to Paragraphs 1 through 39, inclusive.

41. Answering Paragraph 41, Patterson Recovery denies each and every allegation contained therein.

42. Answering Paragraph 42, Patterson Recovery denies that Plaintiff is entitled to any general or special damages.

43. Answering Paragraph 43, Patterson Recovery incorporates by this reference its response to Paragraphs 1 through 42, inclusive.

44. Answering Paragraph 44, Patterson Recovery denies each and every allegation contained therein.



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

45. Answering Paragraph 45, Patterson Recovery denies that Plaintiff is entitled to any general or special damages.

## AFFIRMATIVE DEFENSES

Patterson Recovery pleads the following separate defenses. Patterson Recovery reserves the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

1. As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Patterson Recovery alleges that the Complaint fails to state facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

2. As a separate and second affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that Plaintiff is not entitled to the remedy of conversion, as Plaintiff had no legal right to possession, nor was she the legal owner of the property at issue.

## THIRD AFFIRMATIVE DEFENSE

3. As a separate and third affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that the actions taken by Patterson Recovery were in full compliance with the law.

## FOURTH AFFIRMATIVE DEFENSE

4. As a separate and fourth affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that any violations of the Rosenthal Act by Patterson Recovery were neither willful nor knowing, and therefore Plaintiff is not entitled to recover any statutory damages against Patterson Recovery.

## FIFTH AFFIRMATIVE DEFENSE

5. As a separate and fifth affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that

Plaintiff's claims, if any, are barred for her failure, and/or the failure of the persons and/or entities acting on her behalf, to mitigate any purported damages.

**SIXTH AFFIRMATIVE DEFENSE**

6. As a separate and sixth affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that the injuries and damages alleged in the Complaint by Plaintiff occurred, were proximately caused by and/or were contributed to by Plaintiff's own acts or failures to act and that Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

**SEVENTH AFFIRMATIVE DEFENSE**

7. As a separate and seventh affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery is informed and believes and thereon alleges that Plaintiff was negligent and/or careless with respect to the matters alleged in her Complaint, and alleges Plaintiff's negligence and/or carelessness contributed to her alleged injuries and damages.

**EIGHTH AFFIRMATIVE DEFENSE**

8. As a separate and eighth affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable.

**NINTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

9. As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

/ / /



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery is informed and believes and thereon alleges that other parties were negligent and/or careless with respect to the matters alleged in Plaintiff's Complaint, and the negligence and/or carelessness of such other parties contributed to Plaintiff's alleged injuries and damages.

## ELEVENTH AFFIRMATIVE DEFENSE

11. As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that all actions taken by it that were raised in Plaintiff's Complaint were lawful.

## TWELFTH AFFIRMATIVE DEFENSE

12. As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery is informed and believes that Plaintiff's California causes of action are preempted by federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Patterson Recovery hereby alleges the following affirmative defenses, including but not limited to, those set forth in Federal Rule of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, accord and satisfaction, release, waiver, duress, failure of consideration, fraud, illegality, license, res judicata, failure to join an indispensable party, and abatement.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. As a separate and fourteenseventh affirmative defense to the Complaint and each purported cause of action contained therein, Patterson Recovery alleges that it has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserves the right to amend, modify, revise or supplement its answer and to plead such other defenses and take such other further actions as it



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

may deem proper and necessary in its defense upon completion of said investigation and/or study.

WHEREFORE, Patterson Recovery prays for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Patterson Recovery;

3. That Patterson Recovery be awarded its attorneys' fees and costs incurred in defending this action;

4. That Patterson Recovery be granted such other and further relief as the Court may deem just and proper.

**CROSS-CLAIM**

1. At all times herein relevant Patterson Recovery was and is a business operating and existing under the laws of the State of California.

2. Patterson Recovery is informed and believes, and thereon alleges that at all times herein relevant Defendant ALASKAUSA FEDERAL CREDIT UNION ("AlaskaUSA") was and is a business organized and existing under the laws of the State of Alaska and doing business in the State of California.

**COUNT I**

**(Express Indemnity Against AlaskaUSA)**

3. Patterson Recovery incorporates by reference each and every paragraph of this Cross-Claim as though fully set forth herein.

4. For many years, AlaskaUSA has utilized the services of Patterson Recovery for the collection and repossession of vehicles in circumstances where the borrower fails to make required payments on the auto loan. In situations where AlaskaUSA knows the specific location of the vehicle to be repossessed, AlaskaUSA communicates directly with Patterson Recovery to request its services. Where the present location of the vehicle is not known, AlaskaUSA engages the services of a private investigator first to locate the vehicle, and then Patterson





GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

Recovery is brought in to collect the vehicle. In every case, AlaskaUSA agrees to indemnify and save Patterson Recovery harmless from and against any and all claims arising out of its actions to recover possession of the vehicle.

5. On December 3, 2013, AlaskaUSA contacted a private investigator, Cullings Investigations, to locate Plaintiff's vehicle, with the intention that Patterson Recovery would be engaged to recover the vehicle after it was located. Pursuant to its long-standing custom and practice, AlaskaUSA agreed to "indemnify and save you harmless from and against any and all claims, damages, losses and actions resulting from or arising out of your actions to recover the referenced collateral." A true and correct copy of AlaskaUSA's correspondence, dated December 3, 2013, is attached hereto as Exhibit "A" and incorporated herein by this reference.

6. Upon locating Plaintiff's vehicle, Cullings Investigations contacted Patterson Recovery to recover possession of the vehicle. A true and correct copy of Cullings' Investigations' correspondence to Patterson Recovery, dated December 14, 2013, is attached hereto as Exhibit "B" and incorporated herein by this reference.

7. Patterson Recovery performed all of the terms, conditions, and requirements of its assignment from AlaskaUSA, and is the intended beneficiary of AlaskaUSA's agreement to defend and indemnify.

8. Patterson Recovery denies that it either caused or contributed to the losses described in Plaintiff's Complaint and further denies that any of its actions were unlawful as alleged by Plaintiff.

9. Pursuant to the terms of AlaskaUSA's agreement to defend and indemnify, Patterson Recovery alleges that if there is recovery against Patterson Recovery on Plaintiff's Complaint by way of settlement or in the alternative, judgment rendered against Patterson Recovery, Patterson Recovery is entitled to recover from AlaskaUSA its attorney fees and costs incurred in defending Plaintiff's Complaint and is further entitled to indemnity from AlaskaUSA.

///

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

**COUNT II**

**(Equitable Indemnity Against AlaskaUSA)**

10. Patterson Recovery incorporates by reference each and every paragraph of this Cross-Claim as though fully set forth herein.

11. Patterson Recovery is informed and believes and thereon alleges that if Plaintiff in fact sustained certain losses as alleged, which allegations are generally and specifically denied by Patterson Recovery, then Patterson Recovery alleges upon information and belief that the losses, if any, were solely and/or substantially caused by the negligence, or other conduct, of AlaskaUSA.

12. Patterson Recovery is informed and believes and thereon alleges that the legally responsible conduct of AlaskaUSA contributed in an undetermined percentage to the losses allegedly sustained by Plaintiff on the Plaintiff's Complaint. Patterson Recovery is informed and believes and thereon alleges that it is entitled to equitable indemnity from AlaskaUSA for the losses allegedly sustained by Plaintiff, if any, and for sums paid by way of settlement or judgment rendered against Patterson Recovery on Plaintiff's Complaint.

///

///

///

///

///

///

///

///

///

///

///

///



GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

WHEREFORE, Patterson Recovery prays for judgment as follows:

1. That Patterson Recovery is entitled to indemnity, whether total or partial, from AlaskaUSA in the event a settlement is entered into or a judgment and/or verdict is rendered in favor of Plaintiff as against Patterson Recovery;

2. For attorneys' fees and costs incurred herein; and

3. For such other and further relief as this Court may deem just and proper.

DATED: September 28, 2015

Respectfully submitted,

GREEN & HALL, A Professional Corporation

By: ______________________
John T. Griffin
Attorneys for AUTO CARE SYSTEMS, dba SCOTT PATTERSON RECOVERY

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

## CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, 10th Floor, Santa Ana, CA 92705-4052.

On September 28, 2015, I served the within document(s) described as:

**DEFENDANT AUTO CARE SYSTEMS, dba SCOTT PATTERSON RECOVERY'S ANSWER TO VERIFIED COMPLAINT AND CROSS-CLAIM FOR INDEMNITY**

on each interested party in this action as stated below:

Robert L. Hyde, Esq.
Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
(619) 233-7770; Fax: (619) 297-1022
bob@westcoastlitigation.com
josh@westcoastlitigation.com
Attorneys for Plaintiff Leticia Maddox

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 28, 2015, at Santa Ana, California.

Laura Lane

Laura Lane

GREEN & HALL
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION