Richard L. Mahfouz II (State Bar Number 246739)
Sarena Kustic (State Bar Number 292715)
Clerkin, Sinclair & Mahfouz, LLP
701 B Street, Suite 1160
San Diego, CA 92101
Telephone: (619) 308-6550
E-mail: rlmahfouz@clerkinlaw.com

Attorneys for Defendant, Cross-Defendant, and Cross-Claimant Alaska USA Federal Credit Union

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LETICIA MADDOX,<br><br>Plaintiff,<br><br>v.<br><br>PATTERSON RECOVERY, and ALASKA USA FEDERAL CREDIT UNION, inclusive,<br><br>Defendants. | Case No. 5:14-cv-02616-CAS0DTB<br><br>**ALASKA USA FEDERAL CREDIT UNION'S ANSWER TO PATTERSON RECOVERY'S CROSS-CLAIM** |
| AUTO CARE SYSTEMS, dba SCOTT PATTERSON RECOVERY,<br><br>Cross-Complainant,<br><br>v.<br><br>ALASKA USA FEDERAL CREDIT UNION, inclusive,<br><br>Cross-Defendant. | |

Pursuant to FRCP Rule 8(b), Cross-Defendant ALASKA USA FEDERAL CREDIT UNION (hereinafter "Alaska USA") responds to Cross-Claimant

PATTERSON RECOVERY'S (hereinafter "Patterson") Cross-Claim as follows. Cross-Defendant denies all allegations not expressly admitted.

## ANSWER TO CROSS-CLAIM

1. Answering Paragraph 1, No allegations are made in this paragraph, therefore no response is required.

2. Answering Paragraph 2, Alaska USA is a not-for-profit credit union, federally regulated by the National Credit Union Administration, with a principal place of business in Anchorage, AK, and is authorized to provide financial services in the State of California.

## COUNT 1

3. Answering Paragraph 3, No allegations are made in this paragraph, therefore no response is required.

4. Answering Paragraph 4, Alaska USA denies the allegation that any indemnity agreement existed between the parties with regard to this matter. Alaska USA admits to using private investigators in efforts to recover vehicles when the location of said vehicles are not readily ascertainable. Alaska USA admits to engaging in business with Patterson on other recovery matters. Alaska denies the remaining allegations contained in this paragraph.

5. Answering Paragraph 5, Alaska USA denies any and all allegations contained therein.

6. Answering Paragraph 6, No allegations are made in this paragraph, therefore no response is required.

7. Answering Paragraph 7, Alaska USA denies any and all allegations contained therein.

8. Answering Paragraph 8, No allegations are made in this paragraph, therefore no response is required.

9. Answering Paragraph 9, Alaska USA denies any and all allegations contained therein.

**COUNT 2**

10. Answering Paragraph 10, No allegations are made in this paragraph, therefore no response is required.

11. Answering Paragraph 11, Alaska USA denies any and all allegations contained therein.

12. Answering Paragraph 12, Alaska USA denies any and all allegations contained therein.

**AFFIRMATIVE DEFENSES**

Pursuant to FRCP Rule 8(c), Alaska USA pleads the following separate defenses. Alaska USA retains the right to assert additional responses as discovery indicates them proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim Upon Which Relief May Be Granted)**

1. As a separate and first affirmative defense to the Patterson, and to the purported causes of action set forth therein, Alaska USA alleges that the Cross-Claim fails to state a cause upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. As a separate and second affirmative defense to the Cross-Claim, and to the purported causes of action set forth therein Alaska USA alleges that the Cross-Claim and each claim therein is barred because Alaska USA is not liable for the type of conduct alleged against Patterson in the original Complaint filed by Plaintiff LATICIA MADDOX (hereinafter referred to as "Plaintiff"). Alaska USA is neither expressly nor equitably liable to indemnify Patterson for illegal activity as described in Plaintiff's Complaint.

**THIRD AFFIRMATIVE DEFENSE**

**(Contributory Negligence)**

3. As a separate and third affirmative defense to the Cross-Claim, and to the purported causes of action set forth therein Alaska USA alleges that all injuries

and damages alleged by Plaintiff's complaint were completely and fully the result of Patterson's own negligent actions.

**FOURTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

4. As a separate and fourth affirmative defense to the Cross-Claim, and to the purported causes of action set forth therein Alaska USA alleges that all injuries and damages alleged by Plaintiff's complaint were completely and fully the result of Patterson's own negligent actions taken under a knowing and voluntary assumption of risk.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

5. As a separate and fifth affirmative defense to the Cross-Claim, and to the purported causes of action set forth therein Alaska USA alleges that any allegation by Patterson of a contract is prohibited by the statute of frauds. Patterson has made no showing that there is or was a contract between Alaska USA and Patterson.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver)**

6. As a separate and sixth affirmative defense to the Cross-Claim, and to the purported causes of action set forth therein Alaska USA alleges that all and any indemnity that Alaska USA could have owed to Patterson is barred by implied waiver. Patterson's alleged conduct is beyond the scope of any reasonably foreseeable action anticipated by express or equitable indemnity. By choosing to comport themselves negligent manner, Patterson waived the right to be indemnified by Alaska USA.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

7. As a separate and seventh affirmative defense to the Cross-Claim, and

to the purported causes of action set forth therein Alaska USA alleges that Patterson is barred in whole or in part from prosecuting by such statutes of limitations as may be applicable.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Doctrine of Unclean Hands)**

8. As a separate and eighth affirmative defense to the Cross-Claim, and to the purported causes of action set forth therein Alaska USA alleges that Patterson is barred in whole or in part from prosecuting the purported causes of action set for in the Cross-Claim by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Reserving Multiple Defenses)**

9. Alaska USA hereby alleges the following affirmative defenses, including but not limited to, those set for in FRCP 8(c) so as to not waive them at this time: accord and satisfaction, release, duress, failure of consideration, illegality, license, res judicata, failure to join an indispensable party, and abatement.

/./. /.

/./. /.

/./. /.

## TENTH AFFIRMATIVE DEFENSE

10. As a separate and tenth affirmative defense to the Cross-Claim and to the purported causes of action set forth therein Alaska USA alleges that it has not yet completed a thorough investigation or study or completed the discovery of all the necessary and relevant facts and circumstances of the subject matter of the Cross-Claim and, accordingly, reserves the right to amend, modify, revise, or supplement its answer and to plead such other defenses and take such further actions as it may deem proper and necessary in its defense upon completion of said investigation and or study.

WHEREFORE, answering cross-defendant prays as follows:

1. That cross-complainant takes nothing by way of its cross-claim;
2. For cross-defendant's cost of suit incurred herein; and
3. For such other and further relief as the court may deem just and proper.

Dated: 11/30/15

CLERKIN, SINCLAIR & MAHFOUZ, LLP

Richard L. Mahfouz II,
Sarena Kustic,
Attorneys for Defendant, Cross-Defendant, and Cross-Claimant Alaska USA Federal Credit Union

PROOF OF SERVICE BY MAIL
STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 701 B Street, Suite 1160, San Diego, CA 92101.

On November 30, 2015, I served the foregoing document described as **ALASKA USA FEDERAL CREDIT UNION'S ANSWER TO PATTERSON RECOVERY'S CROSS-CLAIM** on the parties to this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at San Diego, California addressed as follows:

John Griffin
Green & Hall
1851 East First Street
Santa Ana, CA 92075
Tel: 714-918-7000
Fax: 714-918-6996
Attorney for Defendant, Cross-Complainant, and Cross-Defendant Patterson Recovery

Robert L. Hyde, Esq.
Josh Swigart, Esq.
Sara Khosroabadi, Esq.
Hyde & Swigart
2221 Camino Del Rio South Suite 101
San Diego, CA 92108
Email: Sara@westcoastlitigation.com
Attorneys for Plaintiff Leticia Maddox

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on November 30, 2015, at San Diego, California.

/s/ Brianna Mix

Brianna Mix